UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

LYNN PECUNDO DUNN,                              CASE NO. 11-30432-LMK

      Debtor.                                  CHAPTER 7

_____

JOSEPH F. DUNN, JR.,
MICHAEL DUNN, RAYMOND DUNN,
RICHARD DUNN, JAMES DUNN,
individually and as the successor trustees
of the Joseph F. Dunn Revocable Living Trust,
and JAMES DUNN, as Personal Representative
of the Estate of JOSEPH F. DUNN, SR.,

      Plaintiffs,

v.                                              ADV. PROC. NO.11-03038

LYNN DUNN,

      Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART
### PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Steven W. Bowden, Counsel for the Plaintiffs
Michael A. Gort, Counsel for the Defendant, Lynn Dunn

This matter came before the Court on the Plaintiffs' motion for partial summary judgment

for claims under §523 based on collateral estoppel.  The Court has jurisdiction to hear this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court.  After

due consideration of the pleadings, evidence, briefs and argument of the parties, the Court makes

the following findings of fact and conclusions of law:

1

**FINDINGS OF FACT**

I.      BACKGROUND

The Debtor, Lynn Pecundo Dunn, was the second wife of Joseph F. Dunn, Sr. ("Mr.

Dunn"), who is now deceased.  The individual Plaintiffs in this adversary proceeding are Mr.

Dunn's sons from his first marriage.  Prior to the Debtor's bankruptcy filing, the Plaintiffs

brought an action against the Debtor in the Circuit Court for Santa Rosa County, Florida related

to the Joseph F. Dunn Revocable Trust ("the Trust").  The circuit court's findings of fact and

conclusions of law are the basis for the Plaintiffs' motion for summary judgment under the

doctrine of collateral estoppel.  The following is a summary of the circuit court's findings of fact

and all paragraph references in this order are to the state court's order of January 28, 2009:

The Debtor met Mr. Dunn in May 2001.  The Debtor had two previous marriages and was

married to her third husband when she began seeing Mr. Dunn.  The Debtor was 27 years

younger than Mr. Dunn, who was 73 at the time that they met.  She was living on unemployment

checks and undergoing financial hardship.  The circuit court found that the Debtor "intentionally

lied to [Mr. Dunn] by stating that she was pregnant for the purpose of inducing him to become

further entangled into her fiscally motivated web of deceit and manipulation." Para. 20.  In June

2001, the Debtor moved into a house owned by Mr. Dunn.

In September 2001, the Debtor and Mr. Dunn formed a corporation called Joe Dunn and

Associates, Inc.  The court found that the Debtor contributed no funds to the formation of the

corporation despite her testimony to the contrary.  The corporation operated solely in Florida, and

the Debtor paid herself a salary from this corporation even after she moved to San Francisco in

2003.  The court found that Joe Dunn and Associates, Inc. was not formed for any legitimate

purpose.  Para. 23©.

While Lynn Dunn was living in California, some of Mr. Dunn's sons invited Mr. Dunn to live with them.  When Lynn Dunn found out about these offers, she told him by telephone that his sons would not take care of him, that they wanted to put him in a home, and that only she could take care of him.  Para. 25.   Mr. Dunn married Lynn Dunn in May 2003 in San Diego, California with none of Mr. Dunn's children in attendance.

In 1993, Mr. Dunn established the Joseph F. Dunn Revocable Trust, which originally provided that each of his sons were to receive 20% of the Trust's assets upon Mr. Dunn's death.  There were two validly executed amendments to the Trust in 1998 and 2002.  However, after Mr. Dunn married Lynn Dunn, the third amendment to the Trust on August 28, 2003 made substantial changes to the distribution scheme.  It specifically excluded sons, Joseph Jr., Michael and Richard, and included Lynn Dunn as a 50% beneficiary, James Dunn as a 20% beneficiary, Raymond Dunn as a 20% beneficiary, with the remaining interests to the Naval Air Museum Foundation and the University of West Florida Foundation.  The fourth amendment to the Trust occurred in July 2004, removed Raymond Dunn as a beneficiary and increased James Dunn's share to 40%.  The Trust held multiple properties at the time that Lynn Dunn and Mr. Dunn met.  After Mr. Dunn became involved with Lynn Dunn, several warranty deeds were created to sell or transfer property from the Trust.  The number of properties transferred increased dramatically when Mr. Dunn was hospitalized in 2004 and continued until his death on November 9, 2006.

In July 2003, Mr. Dunn loaned his son Raymond $30,000.00; Mr. Dunn had loaned money to his sons in the past and had never required them to sign a contract or agree to payment terms.  After Mr. Dunn was hospitalized in February 2004, Lynn Dunn told Raymond Dunn to

3

immediately begin making payments on the loan, and to sign a contract agreement to payment

terms and interest.  Para. 32-32.  She also began to move Mr. Dunn's assets into her sole control

in February 2004, which included having Mr. Dunn's sons' names removed from the joint

checking account. Para. 56(j).

Mr. Dunn gave each of his sons an interest in a house in 2002.  After Mr. Dunn married

Lynn Dunn, an attorney contacted each son by letter demanding that the property be given back

to Mr. Dunn.  When James Dunn asked his father about the return of the property, he was told

that Lynn Dunn said it would be easier to have the return handled by an attorney.  Para. 56(g)(ii).

II.  STATE COURT ACTION

As stated above, the Plaintiffs brought an action against the Debtor in the Circuit Court

for Santa Rosa County, Florida regarding the Joseph F. Dunn Revocable Trust ("the Trust").  The

complaint included counts for (1) breach of fiduciary duty (count III); (2) rescission of trust

amendments (count IV); (3) rescission of warranty deeds (count V); (4) constructive trust (count

VI); and (5) exploitation of the elderly (count VII).[1]  After a week long bench trial in January

2009, the state court issued an order on the various counts.  The court denied count III for breach

of fiduciary duty on grounds that the Plaintiffs failed to present evidence on the durable power of

attorney given to Lynn Dunn from Mr. Dunn and failed to show that Lynn Dunn was in a

fiduciary relationship with Mr. Dunn.  Para. 46-47.  On count IV for the rescission of the third

and fourth amendments to the trust,  the court found that the Plaintiffs proved "by clear and

convincing evidence, that the third and fourth amendments to 'the Trust' were not a result of

---

[1]The state court had previously dismissed count I for annulment and count II for
declaratory judgment.

[Mr. Dunn's] will but a result of manipulation, exploitation and undue influence by [Lynn Dunn] over [Mr. Dunn]", and were therefore null, void and without effect.  Para. 56(k), order para. 1-2.  The court also found that all warranty deeds executed from October 2005 to Mr. Dunn's death were void due to Mr. Dunn's incompetence.  In addition, all deeds executed from Mr. Dunn's hospitalization in 2004 to the time of his death were the product of Lynn Dunn's undue influence and were void.  Para. 58-59.  As to count VI for constructive trust, the court found that "all properties sold from 'the Trust' from May 2001 to [Mr. Dunn's] death were caused by Lynn Dunn's undue influence over a vulnerable adult due to her confidential relationship with Joseph F. Dunn, Sr.  Joseph F. Dunn, Sr. relied on her implied promise to sell the property for the benefit of 'the Trust.'  This was to the detriment of [Mr. Dunn] and 'the Trust'.  All proceeds of the sale of those properties still retained by [Lynn Dunn] are held in constructive trust for the benefit of 'the Trust'."  Para. 63.

For the last count VII for exploitation of the elderly, the court examined §415.102(7)(a) Florida Statute (2008), which provides that exploitation occurs when a person in a position of trust with an elderly person "knowingly, by deception or intimidation, obtains or uses, or endeavors to obtain or use, a vulnerable adult's funds, assets, or property with the intent to temporarily or permanently deprive a vulnerable adult of the use, benefit, or possession of the funds, assets, or property for the benefit of someone other than the vulnerable adult."  The court found that Lynn Dunn was in a position of trust and confidence as required by the statute.  Para. 68.  The court noted that deception " is defined by the statute as 'a misrepresentation or concealment of a material fact relating to services rendered, disposition of property, or the use of property intended to benefit a vulnerable adult' §415.102(5) Fla. Stat. (2008)."  Para. 69.  The

5

court found that "Lynn Dunn, through misrepresentation and concealment, obtained and used Joseph F. Dunn, Sr.'s funds, assets and property with the intent to permanently deprive him of the benefit and possession of said property for the Defendant's benefit.  Lynn Dunn exploited the decedent from May, 2001 until his death."  Para. 70.  The court entered an order in favor the Plaintiffs and against the Debtor for $1,069,470.00 for compensatory damages on January 28, 2009, and reserved jurisdiction to award punitive damages and attorney fees and costs to the Plaintiffs.  The order also declared the third and fourth amendments to the Trust to be null and void, as well as approximately thirteen warranty deeds.  The order held that certain interest and profits from properties remaining with Lynn Dunn were held in trust for the Trust.  Finally, the order required Lynn Dunn to give an account of all monies obtained by her since 2001.

On September 15, 2009, the state court entered a final judgment in favor of the Plaintiffs for $1,069,470.00 in compensatory damages and $250,000.00 in punitive damages, which totals $1,319,470.00.

## CONCLUSIONS OF LAW

The Plaintiffs filed their motion for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure, as adopted by Bankruptcy Rule 7056.  Rule 56 provides that summary judgment must be entered if the evidence presented shows "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  The moving party has the initial burden of proof to show that there are no genuine issues of material fact.  *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir. 1994).  The non-moving party must then show that an issue of fact exists.  *Id.*  The court must view the evidence

in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

The Plaintiffs maintain that there are no genuine issues of material fact because those issues were decided in the state court proceeding, and this Court is bound by the state court's findings under the doctrine of collateral estoppel. This doctrine prohibits the re-litigation of issues that have been necessarily decided in a previous proceeding. *In re McDowell*, 415 B.R. 601, 607 (Bankr. S.D. Fla. 2008) (citations omitted). Collateral estoppel applies to state court judgments in nondischargeability actions in bankruptcy. *Id*., citing *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). When the prior judgment was entered by a state court, the collateral estoppel law of the state must be used to determine its preclusive effect. *In re St. Laurent*, 991 F.2d 672, 676 (11th Cir. 1993) (citations omitted). Under Florida law, collateral estoppel applies when the parties and issues are identical and the issues are "fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction." *Department of Health and Rehabilitative Services v. B.J.M.*, 656 So.2d 906, 910 (Fla. 1995). For a dischargeability proceeding, the burden of persuasion in the discharge proceeding should not be significantly heavier than the burden of persuasion in the initial action. *In re Bush,* 62 F.3d 1319, 1322 (11th Cir. 1995); *Grogan*, 498 U.S. at 291. The standard of proof in a dischargeability proceeding under §523(a) is a preponderance of the evidence. *Grogan*, 498 U.S. at 291.

The parties do not dispute that the parties are identical in the state court proceeding and the present action, or that the issues were fully litigated to a final decision in a court of competent jurisdiction. They also do not dispute that the Plaintiffs proved their state court action by at least

7

a preponderance of the evidence.  They disagree on whether the issues tried in the state court

involving the rescission of trust amendments, the rescission of warranty deeds, constructive trust

and exploitation of the elderly are identical to the issues presented in the present action for

nondischargeablility under §523(a)(2)(A) and (a)(4).  The Plaintiffs maintain that the state

court's finding of deception under the statutory definition of exploitation of the elderly matches

the definition of false representation and false pretenses under §523(a)(2)(A) and larceny under

§523(a)(4).  The Debtor asserts that the state court action was based on undue influence and

exploitation of the elderly rather than actual fraud or false representation as required by

§523(a)(2)(A).  In addition, the Debtor argues that the state court made no finding of justifiable

reliance by Mr. Dunn.  According to the Debtor, the state court findings did not address larceny

or theft which could be found nondischargeable under §523(a)(4).

The Plaintiffs' first cause of action falls under §523(a)(2)(A), which prohibits a debtor

from discharging a debt for money or property obtained by "false pretenses, a false

representation, or actual fraud, . . .".   To prevail under § 523(a)(2)(A), a creditor must show that:

(1) the debtor made a false statement; (2) with the purpose and intent to deceive the creditor; (3)

the creditor relied on the representations; (4) the creditor's reliance was justifiable; and (5) the

creditor sustained a loss as a result of the representation. *Fuller v. Johannessen (In re*

*Johannessen)*, 76 F.3d 347, 350 (11th Cir. 1996).  The elements for fraudulent concealment or

suppression are essentially the same, except that the first requirement is suppression of a material

fact rather than misrepresentation.  *In re Lichtman*, 388 B.R. 396, 410 (Bankr. M.D. Fla. 2008).

Comparing the elements of §523(a)(2)(A) with the state court's findings regarding

exploitation of the elderly under Florida law, it is clear that the state court addressed the same

8

issue in its ruling.  Section 523(a)(2)(A) requires a false representation and "deception" as

defined by Florida Statute §415.102(5) is "a misrepresentation or concealment of a material

fact."  As to the second element of §523(a)(2)(A) requiring purpose and intent to deceive the

creditor, the state court held that Lynn Dunn, through misrepresentation and concealment,

obtained and used Mr. Dunn's assets with the intent to permanently deprive him of those assets.

Skipping the final element of §523(a)(2)(A), it is apparent from the state court's ruling that the

estate and the remaining plaintiffs sustained a loss as result of Lynn Dunn's misrepresentations

given the amount of the judgment and the number of properties that were transferred from the

Trust.

    The third and fourth elements of §523(a)(2)(A) require the creditor to show that he relied

on the debtor's misrepresentation and that the reliance was justifiable.  Lynn Dunn argues that

the state court made no finding of justifiable reliance and therefore the Plaintiffs cannot prevail

under collateral estoppel.  However, justifiable reliance is a subjective standard which allows "a

plaintiff to rely unequivocally on a representation or promise made by a debtor, without

investigating the truth of the representation or promise, unless the statement is patently false."  *In

re Meyer*, 296 B.R. 849, 862 (Bankr. N.D. Ala. 2003) citing *FCC National Bank v. Gilmore (In

re Gilmore)*, 221 B.R. 864, 874 footnote 10 (Bankr. N.D. Ala. 1998); *Field v. Mans*, 516 U.S. 59

(1995); *In re Vann*, 67 F.3d 277, 283 (11th Cir. 1995).   "Justifiable reliance is determined

according to an individual standard, based on the creditor's own abilities and knowledge, or the

knowledge that he should have from the facts that are available to him."  *In re Wilken*, 377 B.R.

927, 933 (Bankr. M.D. Fla. 2006) citing *Vann*, 67 F.3d at 283.  The state court found that Mr.

Dunn was a vulnerable person, and that Lynn Dunn had undue influence over him regarding

selling property from the Trust.  It also found that Mr. Dunn relied on Lynn Dunn's implied promise to sell the property for the benefit of the Trust, and the reliance was to his detriment. Para. 63.  In light of the state court's  findings, this Court finds that the state court action determined that Mr. Dunn justifiably relied on Lynn Dunn's misrepresentations.  Therefore, the Court finds that the previous state court action determined the factual issues related to dischargeability under §523(a)(2)(A), and that Lynn Dunn is collaterally estopped from denying that the judgment entered by the state court is nondischargeable.  As a result, there are no genuine issues of material fact, and the Plaintiffs are entitled to summary judgment for their cause of action under §523(a)(2)(A).

The Plaintiffs also allege that its cause of action under 11 U.S.C. §523(a)(4), which prohibits discharge a debt resulting from larceny.  Larceny under this section is "a felonious taking of another's personal property with intent to convert it or deprive the owner of the same." *In re Hosey*, 355 B.R. 311, 323 (Bankr. N.D. Ala. 2006) quoting *Weinrich v. Langworthy (In re Langworthy)*, 121 B.R. 903, 907-908 (Bankr. M.D. Fla. 1990) (citation omitted).  The Court notes that larceny refers to the taking of personal property, and thus would not apply to the taking of real property.  However, there were funds taken from Mr. Dunn's account which could be covered by §523(a)(4).  While the state court found that Lynn Dunn took Mr. Dunn's property with intent to deprive him of it, there was not sufficient evidence to show that Lynn Dunn's acquisition of the property was a felonious taking of the property as required by §523(a)(4). Therefore, this Court must deny the Plaintiffs' motion for summary judgment under the cause of action under §523(a)(4).

Based on the foregoing, the Court finds that the Plaintiffs' motion for summary judgment

as to dischargeability pursuant to 11 U.S.C. §523(a)(2)(A) is due to be granted on the basis of collateral estoppel and the debt owed to the Plaintiffs by the Debtor should be declared nondischargeable.  The Court also finds that the Plaintiffs' motion for summary judgment should be denied as to §523(a)(4).  Therefore, it is hereby

**ORDERED** that the Plaintiffs' motion for summary judgment is **GRANTED** pursuant to 11 U.S.C. §523(a)(2)(A), and a separate judgment shall be entered in the amount of ONE MILLION THREE HUNDRED NINETEEN THOUSAND FOUR HUNDRED SEVENTY AND NO/100 DOLLARS ($1,319,470.00) in favor of the Plaintiffs and against the Defendant, Lynn Pecundo Dunn; and it is further

**ORDERED** that the Plaintiffs' motion for summary judgment pursuant to 11 U.S.C. §523(a)(4) is **DENIED**.

Dated:   June 7, 2012

WILLIAM S. SHULMAN
U.S. BANKRUPTCY JUDGE